[Cite as *Wilson v. Lyons*, 2014-Ohio-1665.]

COURT OF APPEALS
FAIRFIELD COUNTY, OHIO
FIFTH APPELLATE DISTRICT


| | | |
|---|---|---|
| RITA WILSON | : | JUDGES: |
| | : | Hon. William B. Hoffman, P.J. |
| Plaintiff-Appellee | : | Hon. Sheila G. Farmer, J. |
| | : | Hon. Patricia A. Delaney, J. |
| -vs- | : | |
| | : | |
| DEVAUNTE LYONS | : | Case No. 13-CA-40 |
| | : | |
| Defendant-Appellant | : | O P I N I O N |


CHARACTER OF PROCEEDING:      Apeal from the Court of Common
Pleas, Case No. 2013CV00326


JUDGMENT:      Affirmed


DATE OF JUDGMENT:      April 11, 2014


APPEARANCES:

For Plaintiff-Appellee                      For Defendant-Appellant

ANGELA SEIMER                          ELIZABETH N. GABA
124 West Main Street                       1231 East Broad Street
Suite 201                                   Columbus, OH 43205
Lancaster, OH 43130

*Farmer, J.*

{¶1}   On April 10, 2013, appellee, R.W., filed a petition for a civil sexually oriented offense protection order, seeking to protect her daughter, L.W., from appellant, DeVaunte Lyons.  Both L.W. and appellant attended the same high school.  The petition alleged that appellant had engaged in repeated acts of improper physical and sexually oriented contact with L.W.  An ex parte hearing before a magistrate was held on April 10, 2013, and an order was granted on same date.

{¶2}   On April 18, 2013, appellant signed a waiver for a hearing.  A final order of protection for five years was filed on April 22, 2013.  The order was signed by a magistrate and approved and adopted by the trial court.  No objections had ever been filed.

{¶3}   Appellant filed an appeal and this matter is now before this court for consideration.  Assignments of error are as follows:

I

{¶4}   "THE TRIAL COURT IMPROPERLY DENIED APPELLANT A FULL AND FAIR HEARING AS REQUIRED BY OHIO REVISED CODE SECTION 2903.214(D)(1), DUE PROCESS, AND CIVIL RULE 65.1."

II

{¶5}   "THE TRIAL COURT ERRED IN GRANTING THE CIVIL SEXULLY ORIENTED OFFENSE PROTECTION ORDER, AS SUCH WAS AGAINST THE MANIFEST WEIGHT OF THE EVIDENCE, AND THE EVIDENCE WAS INSUFFICIENT TO SUPPORT THE AWARD OF A FINAL ORDER."

III

{¶6}   "THE TRIAL COURT ERRED TO THE PREJUDICE OF APPELLANT WHEN IT PERMTTED THE SELECTIVE OR DISCRIMINATORY ENFORCEMENT OF A QUASI-PENAL PROTECTION ORDER STATUTE, IN VIOLATION OF THE EQUAL PROTECTION CLAUSE OF THE FOURTEENTH AMENDMENT TO THE UNITED STATES CONSTITUTION AS WELL AS THE DUE COURSE OF LAW PROVISION AND ARTICLE I SECTION 2 OF THE OHIO CONSTITUTION.  R.C. 2903.214 IS UNCONSTITUTIONAL ON ITS FACE OR 'AS APPLIED' TO THIS RESPONDENT."

IV

{¶7}   "THE TRIAL COURT ERRED TO THE PREJUDICE OF APPELLANT WHEN IT PERMITTED THE SELECTIVE OR DISCRIMINATORY ENFORCEMENT OF A QUASI-PENAL PROTECTION ORDER STATUTE, IN VIOLATION OF THE EQUAL PROTECTION CLAUSE OF THE FOURTEENTH AMENDMENT TO THE UNITED STATES CONSTITUTION AS WELL AS THE DUE COURSE OF LAW PROVISION AND ARTICLE I SECTION 2 OF THE OHIO CONSTITUTION.  R.C. 2903.214 IS UNCONSTITUTIONAL IN THIS CASE AS ITS ENFORCEMENT VIOLATED R.C. 2152.02(C)(2); THIS CASE SHOULD HAVE BEEN FILED IN THE JUVENILE COURT."

I

{¶8}   Appellant claims he was denied the right to a full and fair hearing after the issuance of the ex parte order filed April 10, 2013.  We disagree.

{¶9}   The ex parte order of protection was rendered on April 10, 2013, and the final order was issued on April 22, 2013.  The specific language of the final order

includes a reference that no hearing was held: "No hearing was held - Respondent waived appearance and agreed to issuance of order."

{¶10}  In the ex parte order, the trial court set a hearing for April 22, 2013 at 2:00 p.m.  A return of service filed April 15, 2013 reveals that appellant was personally served the order.

{¶11}  The April 22, 2013 final order includes the following waiver, signed by appellant on April 18, 2013:


### WAIVER

I, DEVAUNTE LYONS, understand that I have the right to a full hearing on the Petition for Civil Stalking Protection Order or Civil Sexually Oriented offense Protection Order, and acknowledge each of the following:

1. I waive the right to have a full hearing on this Protection Order;

2. I waive the right to cross-examine witnesses and review evidence submitted in support of this Protection Order;

3. I waive the right to present witnesses and evidence on my own behalf;

4. I waive the right to request specific factual findings from the Court concerning the issuance of this Protection Order.

I understand that based on the foregoing waivers a Protection Order will be entered against me.

{¶12} Given the state of the record and appellant's waiver, we conclude the trial court did not err in finding a hearing was unnecessary.

{¶13} Assignment of Error I is denied.

II

{¶14} Appellant claims the issuance of the order was against the sufficiency and manifest weight of the evidence. We disagree.

{¶15} On review for sufficiency, a reviewing court is to examine the evidence at trial to determine whether such evidence, if believed, would support a conviction. *State v. Jenks,* 61 Ohio St.3d 259 (1991). "The relevant inquiry is whether, after viewing the evidence in a light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime proven beyond a reasonable doubt." *Jenks* at paragraph two of the syllabus, following *Jackson v. Virginia,* 443 U.S. 307 (1979). On review for manifest weight, a reviewing court is to examine the entire record, weigh the evidence and all reasonable inferences, consider the credibility of witnesses and determine "whether in resolving conflicts in the evidence, the jury clearly lost its way and created such a manifest miscarriage of justice that the conviction must be reversed and a new trial ordered." *State v. Martin,* 20 Ohio App.3d 172, 175 (1st Dist.1983). See also, *State v. Thompkins*, 78 Ohio St.3d 380, 1997-Ohio-52. The granting of a new trial "should be exercised only in the exceptional case in which the evidence weighs heavily against the conviction." *Martin* at 175.

{¶16} R.C. 2903.214(C)(1) sets forth the requirements for a petition seeking a civil protection order and states the following in pertinent part:

(C) A person may seek relief under this section for the person, or any parent or adult household member may seek relief under this section on behalf of any other family or household member, by filing a petition with the court. The petition shall contain or state all of the following:

(1) An allegation that the respondent is eighteen years of age or older and engaged in a violation of section 2903.211 of the Revised Code against the person to be protected by the protection order or committed a sexually oriented offense against the person to be protected by the protection order, including a description of the nature and extent of the violation;

***

(3) A request for relief under this section.

{¶17} During the ex parte hearing before a magistrate, L.W. testified to the following (T. at 5-6):

A. During school, he has grabbed my breasts and my butt and even to the point where it's painful. He has rubbed his erect penis against my back through his pants, just walking behind me. He has also exposed himself to me on a school trip.

Q. And when you say he, who are you referring to?

A. DeVaunte.

Q. And were any of these actions by Mr. DeVaunte welcomed by you?

A. No.

Q. And how did they make you feel?

A. Uncomfortable.

Q. And when you say Mr. Lyons exposed himself to you, did he expose his penis?

A. Yes.

Q. And where did that occur?

A. On a school bus coming home - - coming back to the school from a field trip.

Q. Okay.  And are you afraid of Mr. Lyons?

A. Yes.

Q. And do you believe that without the Court's protection, Mr. Lyons will continue to engage in this unwanted behavior?

A. Yes.

{¶18}  We find this testimony, coupled with the waiver, are sufficient to support the granting of the civil sexually oriented offense protection order, and find no manifest miscarriage of justice.

{¶19}  Assignment of Error II is denied.

III

{¶20}  Appellant challenges the constitutionality of R.C. 2903.214 on its face and as applied to him.  We disagree.

{¶21}  Because these issues were not raised to the trial court, we find they are not available for appeal.  Civ.R. 53(D)(3)(b)(iv); *Young v. Rogers,* 12th Dist. Butler No. CA2001-08-183, 2002-Ohio-5135.

{¶22}  Assignment of Error III is denied.

IV

{¶23}  Appellant claims that based upon the evidence, the petition should have been filed in juvenile court as he was a juvenile at the time of the allegations.  We disagree.

{¶24}  The petition for a civil sexually oriented offense protection order filed April 10, 2013, alleged the following:

> (b) For a civil sexually oriented offense protection order due to a sexually oriented offense, describe the acts of Respondent as fully as possible.  You do not need to include any pattern of conduct information for a protection order due to a sexually oriented offense.
>
> THE RESPONDENT HAS ENGAGED IN REPEATED ACTS OF IMPROPER PHYSICAL AND SEXUALLY ORIENTED CONTACT WITH THE PETITIONER'S DAUGHTER, [L.].  SPECIFICALLY, HE HAS GROPED HER BREASTS AND BUTTOCKS ON SEVERAL OCCASIONS, OFTEN CAUSING HER PAIN, HAS PLACED HIS ERECT

<u>PENIS AGAINST HER, AND HAS EXPOSED HIS PENIS TO HER WHILE</u>

<u>ON A SCHOOL BUS.   ALL OF THESE ACTS WERE UNWANTED,</u>

<u>UNWARRANTED, AND MADE [L.W.] FEAR FOR HER SAFETY.</u>

{¶25} As cited above, L.W. stated she was afraid of appellant, and believed without a protection order, he would continue to engage in the unwanted behavior.  T. at 6.  L.W. explained the incidents occurred during the first semester of the school year.  T. at 6.  The first semester was presumably from September to the end of December. Appellant's birthday is November 24, 1994.  Appellant reached eighteen years of age during the first semester of the school year.  Appellant's Brief at 5-6 and 15.

{¶26} Based upon the testimony, we find the court of common pleas had jurisdiction for the offenses complained of in the petition.

{¶27}  Assignment of Error IV is denied.

{¶28} The judgment of the Court of Common Pleas of Fairfield County, Ohio is hereby affirmed.

By Farmer, J.

Delaney, J. concur and

Hoffman, P.J. concurs separately.

SGF/sg306

*Hoffman, P.J., concurring*

{¶29} I concur in the majority's analysis and disposition of Appellant's first three assignments of error. I further concur in the majority's disposition of Appellant's fourth assignment of error, but do so for a different reason.

{¶30} I find the eighteen (18) year old age requirement found in R.C. 2903.214 (C)(1) relates to the age of the Respondent at the time the petition is filed and does not relate to the Respondent's age at the time Respondent engaged in the offensive conduct. The statute states the Respondent "is" eighteen (18) years of age "and" engaged in the violation of Section 2903.211. It does not require the Respondent "was" eighteen (18) years of age at the time the Respondent engaged in the violation.